KESTER ET AL. v. JEWELL.

PRACTICE IN THE SUPREME COURT — THE TRANSCRIPT MUST CONTAIN THE PORTIONS OF THE RECORD TO BE PASSED UPON.— In an action to quiet title to a city lot, the trial judge held that the attachment proceedings creating the cloud complained of were irregular and void; and the appellant, who was defendant below, having neglected to have incorporated in the transcript filed in this court a complete copy of the record of such proceedings, whereby their regularity could be examined and judged of, the conclusions of the court below will be adopted and the judgment affirmed.

*Appeal from District Court of Pitkin County.*

Mr. D. C. McDEVITT, for appellants.

Messrs. W. W. COOLEY and RUCKER & SCOTT, for appellee.

REED, C.   This was a suit in the nature of a proceeding in equity, brought by appellee (plaintiff below) against appellants under section 257, chapter 22, of the Civil Code, which is: "An action may be brought by any person in possession, by himself or his tenant, of real property against any person who claims an estate or interest therein adverse to him, for the purpose of determining such adverse claim, estate or interest."

It appears from the record that prior to April 21, 1886, one Mattie B. Jansen was the owner of the undivided one-half of lot K, in block 81, in the city of Aspen; that appellant Kester was the owner of the other half; that Jansen was a resident of Topeka, in the state of Kansas; that on the 21st day of April, 1886, Jansen, by her deed, conveyed her interest to. appellee; that on the same date, the deed was deposited with the Wells-Fargo Express Company to be transmitted to the recorder of Pitkin county for record; that it was received by that officer and filed for record on the 11th day of May; that on May 1st, Kester, claiming an indebtedness from Jansen to himself, caused a summons to be issued, which was returned on May 3d, "Defendant not

found." On the 3d of May he sued out an attachment, which was levied upon the half interest in the property as belonging to Jansen. On the 5th of May a complaint was filed. On June 30th a default was taken for want of an answer, and on July 12th a judgment was rendered against Jansen for $750.66, and costs. A special execution was issued, which was by the sheriff returned on the 16th day of August, with an indorsement of sale of the property to Webber (appellant). On the 30th day of August, Jansen filed a motion to vacate all proceedings on the ground that the summons was defective, and that there had been no proper service. What disposition was made of the motion, if any, does not appear, but it is said: "It appearing to the court that Jansen was a non-resident, affidavit was made, and an order for the publication of the summons was made, September 10th." On September 31st, plaintiff moved to set aside the judgment previously rendered for him, and for an *alias* summons to be issued, and that the attachment theretofore levied be allowed to stand. What disposition was made of this application does not appear. It is afterwards stated that an *alias* summons, an *alias* writ of attachment, and copy of the complaint, were served on Jansen in Shawnee county, in the state of Kansas, by a deputy sheriff of that county, on September 20th. On November 22d, Jansen appeared specially and moved to dismiss the action and dissolve the attachment, for the reasons — *First*, that the suit had not been diligently prosecuted; *second*, that the writ of attachment was issued before the summons. What was done with this motion does not appear, but, from the proceeding that followed, we conclude that it must have been overruled. On the 24th of May, following (1887), Webber (appellant) moved the court to set aside the sale of the property previously made; that the satisfaction of judgment be canceled; and that he, as the purchaser of the property, be allowed to prosecute the suit in the name of the plaintiff for his own benefit. Afterwards, but at what date is not shown in the record, another special execution

was issued to sell the same property by virtue of the levy of the attachment of May 3, 1886, which was returned, showing another sale of the same property to Webber. These proceedings upon the trial of the former case are so complicated, mixed and multiform, that a recital of them in their proper order seems necessary, not to a proper understanding of the case, for that we do not pretend to have, but to show in what manner and through what proceedings the pretended title of Webber to the property was acquired, which appellee in this suit seeks to set aside as a cloud upon his title.

The plaintiff upon the trial of this cause introduced oral evidence of his possession as a tenant in common with Kester to show himself entitled to maintain the suit under the code; also put in evidence the deed from Jansen. No question is made as to the *bona fides* of the transaction between Jansen and appellee, nor in regard to the validity of the deed, the only important question being whether there was a valid lien by the levy of the attachment before the filing of the deed for record. Appellants put in evidence, it is said, as exhibits, copies of the various papers and proceedings making the record in the former case against Jansen, under which the supposed title of Webber accrued. No copies are furnished us, but the clerk in making up the record states what, in his opinion, each one of the respective exhibits was supposed to be. The case was tried to the court, and the learned judge, after taking the case under advisement, found " that at the time of the issuance of said writ there was no valid summons issued in said cause, nor an action commenced, as required by law; that the said Mattie B. Jansen was, at the time of the attempted levy of said attachment, a non-resident of the state of Colorado, and that steps and proceedings required to be taken by statute to acquire jurisdiction over such non-resident were not taken; that the court never had jurisdiction of the said cause or over the property or person of the said Mattie B. Jansen, and the said judgment in said cause, and the sale thereunder,

appear to the court to be wholly void and of no effect, and that all the material allegations of the complaint are sustained by evidence, competent and material, and that the equities are with the plaintiff;" and entered a decree in accordance with the prayer of the complaint.

There being no transcript of the record and proceedings in the case of Kester against Jansen before us, and only the conclusions of the clerk in regard to it, we have no *data* by which we can intelligently pass upon the validity of those proceedings. They seem to have been so numerous and contradictory on the part of the plaintiff in that action as to have suggested doubts in regard to its regularity in the minds of his counsel. It appears that the case of Kester against Jansen, in the county court, was tried before the same judge as this case, he having been elected to the district bench after that trial. He, having a transcript of the record and proceedings, certainly had opportunity for determining whether the proceedings in the former case had been regular or otherwise, which, as shown, we have not; and, in the absence of sufficient *data* for a review, we must adopt his conclusions as correct. We advise that the judgment and decree be affirmed.

RICHMOND and BISSELL, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*